UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| TODD DORN, et al. | | CASE NO.   1:20-cv-964 |
| | Plaintiffs, | JUDGE |
| vs. | | **NOTICE OF REMOVAL** |
| TRANS LINER CORP., et al. | | |
| | Defendants. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Larry Ridgeway, by and through undersigned counsel, hereby gives notice of removal of this action from the Common Pleas Court of Butler County, Ohio to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati, and in support thereof, states as follows:

**REMOVAL IS TIMELY**

1.      On May 13, 2020, Plaintiffs Todd Dorn and Lisa Dorn commenced a civil action against Trans Liner Corp., Larry Ridgeway, and Erie Insurance Company in the Common Pleas Court for Butler County, Ohio, under case number CV 2020 05 0855, which was captioned *Todd Dorn, et al. v. Trans Liner Corp., et al.* (the "State Court Action"). A true and accurate copy of the process and pleadings in the State Court Action is attached as **Exhibit A**.

2.      Trans Liner Corp. was served with the summons and complaint on May 26, 2020.

3.      Larry Ridgeway has not been served with the summons and complaint. Per the Butler County Clerk of Courts docket, on September 15, 2020, the summons and complaint were sent to 430 East 162nd Street, Suite 424, South Holland, Illinois 60473. This is the address for the UPS Store South Holland. Larry Ridgeway does not reside at this address nor does he have a mailing address or post-office box at this address.

15973014 _1

4.     Therefore, this notice of removal filed by Larry Ridgeway is timely.

5.     Furthermore, this notice of removal is filed within 30 days of Larry Ridgeway's receipt of the pleading setting forth Plaintiffs' claims for relief against him.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

6.     Plaintiff Todd Dorn is a citizen of the State of Ohio.

7.     Plaintiff Lisa Dorn is a citizen of the State of Ohio.

8.     Defendant Trans Liner Corp. is a citizen of Indiana.

9.     Defendant Larry Ridgeway is a citizen of Indiana.

10.    Erie Insurance Company is a citizen of Pennsylvania.

11.    Since the Plaintiffs and the Defendants are citizens of different states, complete diversity of citizenship exists.

## CONSENT TO REMOVAL AND
## FRAUDULENT JOINDER OF ERIE INSURANCE COMPANY

12.    Defendant Trans Liner Corp. consents to removal, as required by 28 U.S.C. §1446(b)(2)(A).

13.    Erie Insurance Company did not consent to removal. However, under the "fraudulent joinder" doctrine, Erie Insurance Company's consent to removal is not required.

14.    A party is "fraudulently joined" when there is no colorable cause of action against that party. *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015), citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

15.    Erie Insurance Company is Plaintiffs' uninsured/underinsured motorist's insurance carrier. (Complaint at ¶ 18).

16.     Since the insurance policy limits of Trans Liner Corp. and Larry Ridgeway ($1,000,000) exceed the insurance policy limits of Plaintiffs ($100,000/$300,000), Plaintiffs have no colorable claim against Erie Insurance Company.

17.     Upon information and belief, Erie Insurance Company has asked Plaintiffs to dismiss it from the case and plans to file a motion to dismiss if Plaintiffs will not voluntarily dismiss the claims.

18.     Since Erie Insurance Company was "fraudulently joined," Erie Insurance Company's consent to removal is not required. 28 U.S.C. § 1446(b)(2); *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015), citing *Walker v. Philip Morris USA, Inc.*, 443 Fed.Appx. 946, 951 (6th Cir. 2011). *See also*, *Rico v. Flores*, 481 F.3d 234 (5th Cir. 2007) (removing party did not need to obtain consent-to-removal of non-diverse co-defendants alleged to have been improperly joined); *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756 (9th Cir. 2002) (rule of unanimity does not apply to fraudulently joined parties); *Jonathan Pepper Co., Inc. v. Hartford Cas. Ins. Co.*, 381 F. Supp. 2d 730 (N.D. Ill. 2005) (misjoined defendant-insurer's joinder in or consent to removal was not required); *Smith v. Union Nat'l. Life Ins. Co.*, 286 F. Supp. 2d 782 (S.D. Miss. 2003) (rejecting as without merit the contention that the removal notice was defective for failure of fraudulently joined defendant to join it).

## AMOUNT-IN-CONTROVERSY IS SATISFIED

19.     Plaintiffs allege that Larry Ridgeway negligently operated a commercial motor vehicle, causing an accident with the vehicle driven by Plaintiff Todd Dorn. (Complaint).

20.     Plaintiffs allege that Trans Liner Corp. negligently hired, employed, entrusted, and/or supervised Larry Ridgeway. (Complaint at ¶ 11).

15973014 _1

21.     Plaintiffs allege that as a result of the accident, Plaintiff Todd Dorn "sustained severe and permanent injuries to his head, nose, chest, back, neck, and other parts of his body, has suffered extreme pain and anguish … and shall continue to suffer extreme pain and anguish into the future." (Complaint at ¶ 12).

22.     Plaintiffs allege that as a result of the accident, Plaintiff Todd Dorn "has incurred medical expenses … due to the severe and permanent nature of his injuries and will continue to incur medical expenses into the future…" (Complaint at ¶ 13).

23.     Plaintiffs allege that as a result of the accident, Plaintiff Todd Dorn "has incurred lost wages and due to the severe and permanent nature of his injuries shall continue to incur lost wages and lost earning capacity into the future…" (Complaint at ¶ 14).

24.     Plaintiffs allege that as a result of the accident, Plaintiff Todd Dorn "has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions of life." (Complaint at ¶ 15).

25.     Plaintiffs seek punitive damages from Trans Liner Corp. and Larry Ridgeway. (Complaint at ¶¶ 40-44).

26.     As long as one of the Plaintiff's damages exceed $75,000, exclusive of interest, costs, expenses, and attorney's fees, the amount in controversy requirement is met and the District Court has jurisdiction over the claims of the rest of the Plaintiffs.

27.     If Plaintiff Todd Dorn were to prove all of his damages, his damages are more likely than not to exceed $75,000, exclusive of interest, costs, expenses, and attorneys' fees.

28.     Therefore, the amount-in-controversy exceeds $75,000, and the amount-in-controversy requirement is satisfied for removal.

4

### THIS COURT HAS DIVERSITY JURISDICTION

29.     Based on the above, this Court has original subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the complaint presents a case where the amount-in-controversy exceeds $75,000 and the controversy exists between citizens of different states.

30.     Defendant will promptly file a notice of filing of notice of removal with Clerk of Court for Butler County, Ohio, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Larry Ridgeway, by and through counsel, prays that this Court accept this notice of removal and that this Court assume jurisdiction over this action.

Respectfully submitted,

*/s/ Tyler M. Jolley*
Bradley A. Wright (0047090)
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Phone:  330.376.2700
Fax:  330.376.4577
Email: bwright@ralaw.com

Tyler M. Jolley (0092772)
Robert W. Schrimpf (0085020)
Roetzel & Andress, LPA
625 Eden Park Drive, Suite 450
Cincinnati, OH 45202
Phone: 513.361.0200
Fax: 513.361.0335
Email: tjolley@ralaw.com
          rschrimpf@ralaw.com

*Attorneys for Defendants Trans Liner Corp.*
*and Larry Ridgeway*

15973014 _1

## CERTIFICATE OF SERVICE

On this 30th day of November 2020, I electronically filed this Notice of Removal. Notice of this filing will be sent to counsel through the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that a copy of this Notice of Removal was sent to the following by regular U.S. mail on this 30th day of November:

Douglas D. Brannon
Brannon & Associates
130 West Second Street, Suite 900
Dayton, OH 45402
*Attorney for Plaintiffs*

Glenn A. Markesbery
Markesbery & Richardson Co., L.P.A.
2368 Victory Parkway, Suite 200
Cincinnati, OH 45206
*Attorney for Erie Insurance Company*

/s/ Tyler M. Jolley
Tyler M. Jolley

15973014 _1