FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
05/13/2020 09:26 AM
CV 2020 05 0855

# IN THE COMMON PLEAS COURT OF BUTLER COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **TODD DORN** <br> 417 Kilkenny Ct. <br> Dayton, Ohio 45440 | * <br><br> * | CASE NO._____ <br><br> JUDGE_____ |
| and | * | |
| **LISA DORN** <br> 417 Kilkenny Ct. <br> Dayton, Ohio 45440 | * <br><br> * | **COMPLAINT FOR PERSONAL INJURIES; DECLARATORY ACTION AND OTHER RELIEF; JURY DEMAND ENDORSED HEREON** |
| Plaintiffs, | * | |
| vs. | * | |
| **TRANS LINER CORP.** <br> 1163 S. Virginia St. <br> Hobart, Indiana 46342 | * <br><br> * | |
| and | * | |
| **LARRY RIDGEWAY** <br> 34 E. 37th Ave, Apt. 276 <br> Hobart, Indiana 46342 | * <br><br> * | |
| and | * | |
| **ERIE INSURANCE COMPANY** <br> 100 Erie Insurance Place <br> Erie, Pennsylvania 16530 | * <br><br> * | |
| Defendants. | * | |

1

## PARTIES

1. Plaintiffs, Todd Dorn and Lisa Dorn, at all times relevant herein are residents of Dayton, Montgomery County, Ohio.

2. Defendant, Larry Rridgeway (hereinafter "Defendant Ridgeway"), at all times relevant to the matters plead herein, was a resident of the City of Hobart, Lake County, Indiana.

3. Defendant, Trans Linear Corp. (hereinafter "Defendant Trans"), at all times relevant to matters pled herein was and is a corporation, business entities and/or individuals licensed and doing business in the State of Ohio.

4. Defendant, Erie Insurance Company (hereinafter "Defendant Erie") at all times relevant to the matters pled herein, was and is a corporation licensed to do business in the State of Ohio and is engaged in the business of selling, among other items, insurance products.

## FACTS

5. On or about November 21, 2019 at approximately 6:24 p.m., the Plaintiff, Todd Dorn, was lawfully operating his automobile northbound on N. Carmody Blvd. and was approaching the intersection of Hook Dr. in the City of Middletown, Butler County, Ohio.

6. At the same time and place Defendant Larry Ridgeway was operating a commercial tractor truck and trailer, in the scope and course of his employment with Defendant Trans and was headed westbound on Hook Dr. approaching the intersection of N. Carmondy.

7. Defendant Ridgeway then negligently failed to stop at the stop sign on Hook Dr. and/or negligently failed to look for traffic and/or negligently attempted to make a left turn onto N. Carmondy and in doing so pulled out directly in front of the lawfully proceeding Plaintiff causing a collision.

8. At all times relevant herein, Plaintiff Dorn had the right of way and was lawfully proceeding on N. Carmody.

9. At all times relevant herein, Plaintiff Dorn was lawfully operating his vehicle with any required lighting.

10. At all times relevant, Defendant Tans, negligently entrusted the commercial truck to Defendant Ridgeway, an inexperienced and incompetent driver, and/or was acting as principal/master and therefore is liable vicariously.

11. At all times relevant, Defendant Trans, negligently hired, employed, entrusted and/or supervised Defendant Ridgeway jointly and severally, through independent and concerted action, association, adoption, ratification and/or other means by which they are liable.

12. As a direct and proximate result of the aforesaid collision, the Plaintiff sustained severe and permanent injuries to his head, nose, chest, back, neck, and other parts of his body, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of his injuries he shall continue to suffer extreme pain and anguish into the future.

13. As a direct and proximate result of the aforesaid collision, the Plaintiff has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of his injuries he will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

14. As a direct and proximate result of the aforesaid collision, the Plaintiff has incurred lost wages and due to the severe and permanent nature of his injuries shall continue to incur lost wages and lost earning capacity into the future in an amount that cannot be determined.

15. As a direct and proximate result of the aforesaid collision, the Plaintiff has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions of life.

16. Plaintiff, Lisa Dorn is the wife of Plaintiff Todd Dorn and as a direct and proximate result of the aforesaid collision, the Plaintiff Lisa Dorn, immediately following the collision and for an extended period of time thereafter has suffered loss of consortium, companionship, services, and society of her husband, the Plaintiff, Todd Dorn and due to the serious personal injuries suffered by her husband, shall suffer a loss of consortium, companionship, services, and society of her husband into the future.

17. At the time of the aforesaid collision, the Defendants Larry Ridgeway and Trans Linear Corp were covered by a liability insurance policy issued by Lloyds of London Insurance Company.

18. At the time of the aforesaid collision, Plaintiff was covered by a UM/UIM and liability insurance policy issued by Defendant Erie.

19. All parties joined herein are necessary parties needed for a just adjudication of the matters raised in this Complaint, pursuant to Civ. R. 19.

20. Pursuant to Civ. R. 19, Plaintiffs are unaware of the names of any other necessary party to this action and, therefore, are unable to join such parties. Should it be required, Plaintiffs will conduct discovery pursuant to Civ. R. 37(D) and R.C. 2317.48 in order to ascertain the identify of any such potentially adverse parties and to ascertain any other causes of action to which they may be entitled against the named Defendants.

## FIRST CLAIM FOR RELIEF
(Negligence of Defendant Ridgeway)

21. Plaintiffs incorporate paragraphs one (1) through twenty (20) as if fully rewritten herein.

22. On or about November 21, 2019 at approximately 6:24 p.m., the Plaintiff, Todd Dorn, was lawfully operating his automobile northbound on N. Carmody Blvd. and was approaching the intersection of Hook Dr. in the City of Middletown, Butler County, Ohio.

23. At the same time and place Defendant Larry Ridgeway was operating a commercial tractor truck and trailer, in the scope and course of his employment with Defendant Trans and was headed westbound on Hook Dr. approaching the intersection of N. Carmondy.

24. Defendant Ridgeway then negligently failed to stop at the stop sign on Hook Dr. and/or negligently failed to look for traffic and/or negligently attempted to make a left turn onto N. Carmondy and in doing so pulled out directly in front of the lawfully proceeding Plaintiff causing a collision.

25. As a direct and proximate result of the negligence of Defendant Ridgeway, Plaintiff has suffered injuries and damages as follows:

   a. Plaintiff sustained severe and permanent injuries;

   b. The injuries sustained by Plaintiff has caused him great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and will cause him further pain and suffering and loss of ability to perform usual functions in the future;

   c. The injuries sustained by Plaintiff have caused him to incur medical expenses in an amount not yet known and he will incur further medical expenses into the future;

   d. The injuries sustained by Plaintiff has caused him to incur lost wages in an amount yet to be determined; and

e. The injuries sustained by Plaintiff have caused him to suffer a permanent loss of earning capacity.

26. The aforementioned negligence of Defendant Ridgeway was a direct and proximate cause of the injuries and damages to Plaintiff.

## SECOND CLAIM FOR RELIEF
(Negligence *per se* of Defendant Ridgeway)

27. Plaintiffs incorporate paragraphs one (1) through twenty-six (26) as if fully rewritten herein.

28. Defendant Ridgeway, as a direct and proximate result of the aforementioned collision violated O.R.C. 4511.41 and/or 4511.42 and/or 4511.43.

29. Said conduct by Defendant Ridgeway constitutes negligence *per se* under Ohio law.

30. As a direct and proximate result of the negligence *per se* of Defendant Ridgeway, the Plaintiff suffered injuries and damages as pled herein.

## THIRD CLAIM FOR RELIEF
(Negligent Hiring/Entrustment/Supervision of Defendant Trans)

31. Plaintiffs incorporate paragraphs one (1) through thirty (30) as if fully rewritten herein.

32. Defendant Trans is a common carrier engaged in the business of transporting persons or property, or in the business of providing or furnishing such transportation service, for hire, whether directly or by lease or other arrangement, for the general public.

33. A common carrier owes the highest duty of care for the safety of its passengers and the general public.

34. At all times relevant Defendant Ridgeway was acting within the scope and course of his employment with Defendant Trans.

35. At all relevant times, Defendant Trans, negligently entrusted the 18-wheel Freightliner Tractor Trailer to Defendant Ridgeway an inexperienced and incompetent driver, and/or was acting on his behalf as a principal and/or master and therefore is liable vicariously.

36. Defendant Trans, either through actual knowledge or through knowledge implied from known facts and circumstances, knew or should have known that Defendant Ridgeway was a high risk, inexperienced, and incompetent river.

37. Defendant Trans knew that Defendant Ridgeway had before this incident been convicted of numerous motor vehicle violations upon which they knew or should have known that he was a driver with an propensity to violate the law and/or endanger others on the roadway.

38. As a direct and proximate result of the negligence by Defendant Trans, the Plaintiff suffered injuries and damages as pled herein.

## FOURTH CLAIM FOR RELIEF
(Punitive Damages)

39. Plaintiffs incorporate paragraphs one (1) through thirty-eight (38) as if fully rewritten herein.

40. Defendant Ridgeway's blatant and obvious failures to obey the rules of the road constitutes the kind of reckless, outrageous behavior justifying the conclusion that Defendant Ridgeway possessed a willful indifference to the rights and safety of Plaintiffs.

41. The conduct of Defendant Ridgeway was characterized by a conscious disregard for the rights and safety of Plaintiffs that had a great probability, and did cause substantial harm to the Plaintiffs.

42. Defendant Trans jointly and severally, through independent and concerted action, association, adoption, ratification and/or other means by which they are liable disregarded the rights and safety of Plaintiffs by encouraging and allowing the kind of reckless, outrageous behavior of Defendant Ridgeway justifying the conclusion that Defendant Trans possessed a willful indifference to the rights and safety of Plaintiffs.

43. Defendants jointly and severally, through independent and concerted action, association, adoption, ratification and/or other means by which they are liable knew or should have known that Defendant's actions had a great probability, and did cause, substantial harm to the Plaintiffs.

44. Said conduct of Defendants constitutes actual and/or implied malice and the Plaintiffs are entitled to punitive damages.

## FIFTH CLAIM FOR RELIEF
(Loss of Consortium)

45. Plaintiffs incorporate paragraphs one (1) through forty-four (44) as if fully rewritten herein.

46. Plaintiff, Lisa Dorn, is the wife of Plaintiff, Todd Dorn.

47. As a direct and proximate result of the negligence/negligence *per se* of Defendants the Plaintiff, Lisa Dorn, immediately following the aforesaid accident, and for and extended period of time thereafter, has been forced to suffer the loss of consortium, companionship, society, and services of her husband, the Plaintiff, Todd Dorn, and due to the severe and permanent nature of his injuries, shall be forced to suffer a loss of consortium, companionship, society and services of her husband into the future.

## SEVENTH CLAIM FOR RELIEF
(Uninsured Motorists/Declaratory Judgment Against Defendant Erie)

48. Plaintiffs incorporate paragraphs one (1) through forty-seven (47) as is fully rewritten herein.

49. At all times relevant to the matters pled herein, Plaintiff was an insured covered by a policy of insurance issued by Defendant Erue. The Plaintiffs are not currently in possession of a certified copy of the policy at this time but will file said policy with the Court pursuant to Civ. R. 10, when it becomes available.

50. The above stated policy provided for medical payments, bodily injury coverage, liability and property damage, and uninsured/underinsured motorist's coverage in the amount, which is potentially equal to or great than liability coverage as required by R.C. 3937.18.

51. Plaintiffs are entitled to recover medical payments and uninsured/underinsured motorist's coverage payments under the above said policy.

52. Upon information and belief, Defendant Erie may assert a subrogation interest in this litigation and/or seek to recover reimbursement from any judgment against the other Defendants.

53. Plaintiffs bring this claim for declaratory relief under the provisions of R.C. Sections 2721.01, et seq. and Civ. R. 57 for determination of their rights in regards to this policy of insurance.

54. Further, Plaintiffs seek a declaration that they have not been fully compensated and are not subject to any subrogation right and/or are not required to reimburse Defendant Erie for any benefits paid on their behalf.

**WHEREFORE**, Plaintiffs, demand judgment as follows:

1. Plaintiffs demands judgment against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in compensatory damages;

2. Plaintiffs demands judgment against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in punitive damages;

3. Plaintiffs demands damages against Defendants for liability and underinsured/uninsured motorists coverage in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

4. Declaratory Judgment against Defendants and in favor of Plaintiffs, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) and a declaration that Plaintiffs may recover under the Erie policy and that Plaintiffs are not subject to any subrogation right and/or are not required to reimburse Defendant Erie for any benefits paid on their behalf;

5. Pre-Judgment and post-judgment interest at the statutory rate;

6. Their costs of this action to include reasonable attorney fees; and

7. Such other and further relief to which Plaintiffs may be deemed entitled at law and/or equity.

Respectfully submitted,

/s/ Douglas D. Brannon

Douglas D. Brannon (0076603)
BRANNON & ASSOCIATES
130 West Second Street, Suite 900
Dayton, Ohio 45402
Telephone: (937) 228-2306
Facsimile: (937) 228-8475
E-Mail: dougbrannon@branlaw.com
Attorney for Plaintiffs

### JURY DEMAND

Plaintiffs respectfully demand a trial by jury on all relevant claims presented herein.

/s/ Douglas D. Brannon

Douglas D. Brannon